IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEXANDER NISSAN, INC.,          :          4:14-CV-01623
                                 :
                                 :
            Plaintiff,           :          (Judge Brann)
      v.                         :
                                 :
MARITZ LLC AND                   :
NORTHWOODS AUTO, INC.            :
D/B/A NORTHWOODS NISSAN          :
                                 :
                                 :
            Defendants.          :

**M E M O R A N D U M**

January 28, 2015

## I. BACKGROUND:

On August 4, 2014, Plaintiff Alexander Nissan ("Alexander Nissan")
commenced this action against Defendants, Maritz LLC ("Maritz), and Northwoods
Auto Inc. d/b/a Northwoods Nissan "(Northwoods") in the Court of Common Pleas
of Lycoming County, Pennsylvania. (ECF No.1 Attachment 3). On August 19, 2014,
defendant Maritz filed a timely notice of removal to the United States District Court
for the Middle District of Pennsylvania alleging diversity jurisdiction. (ECF No. 1 at
1). Although Northwoods is a non-diverse defendant, Maritz contends that the
declaratory judgment claim asserted against Northwoods is not a cause of action but

1

instead a remedy. (ECF No. 1 at 6). Consequently, this fails as a colorable claim and results in the improper joinder of Northwoods. (ECF No. 1 at 6). Therefore, Maritz concludes that Northwoods' citizenship should be disregarded for jurisdictional purposes. (ECF No. 1 at 4).

On September 8, 2014, Alexander Nissan filed a motion for remand arguing that it has alleged a proper cause of action against Northwoods under the Pennsylvania Declaratory Judgment Act. (ECF No.7 at 7) As a result, Northwoods was not improperly joined for the purpose of defeating diversity jurisdiction.( *Id*.)     I     n accordance with the following reasoning, the motion to remand is granted.

**A. Summary of the Complaint**

Alexander Nissan is an authorized Nissan car dealership incorporated under Pennsylvania law with its principal place of business in Pennsylvania. (ECF No.1, at 19). Defendant Maritz is a national sales and marketing services company that contracts with Nissan to manage a rewards program offered by individual dealers. (ECF No. 1 at 9-10.) Maritz is organized as a limited liability company under the laws of Missouri and has its principal place of business in Missouri. (ECF No.1 at 19). The sole member of Maritz is Maritz Holding Inc., a corporation organized under Missouri law which also has its principal place of business in Missouri. (ECF No.1 at 67). Defendant Northwoods is also an authorized Nissan car dealer organized under

Pennsylvania law with its principal place of business in Pennsylvania. (ECF No.1 at 20).

Alexander Nissan pleads ten causes of action; nine directed toward Maritz and one toward Northwoods. (ECF No.1 at 25-38). Count Ten of the complaint is a declaratory judgment claim against Northwoods. (ECF No.1 at 35). Alexander Nissan alleges that Northwoods obtained its confidential customer list from a representative of Maritz. (ECF No.1 at 35). The Maritz representative was apparently assisting both dealerships with their one-to-one rewards program as a customer retention specialist. (ECF. No. 1 at 44).

The disclosure included approximately 2,500 customer names and contact information. (ECF No.1 at 36). Plaintiff avers that Northwoods has used or will use Alexander's Nissan's customer list for its competitive advantage and that Northwoods and/or Maritz has enrolled all of the customers from the client list into the Northwoods' one-to-one rewards program. (ECF No.1 at 36-37). Alexander Nissan also avers that Northwoods will continue to have further communications with their customers for the purpose of soliciting more business. (ECF No.1 at 37). Alexander Nissan requested that Northwoods refrain from servicing or selling to Alexander Nissan customers. (ECF No.1 at 37). A representative of Northwoods refused this request. (ECF No.1 at 37).

Alexander Nissan requests that this Court issue a declaratory judgment that Northwoods must (1) permanently destroy all originals and copies of information, data and documents which contain Alexander Nissan's customer list, to be certified by a forensic consultant chosen by Alexander Nissan at Northwoods' expense; (2) not use Alexander Nissan's confidential customer list or any information contained therein for any reason or purpose; and (3) refrain from servicing or selling to Alexander Nissan customers set forth on its confidential customer list. (ECF No.1 at 38-39).

## II. DISCUSSION:

### A. Fraudulent Joinder Standard

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. §1332(a)(1). "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question, the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

Joinder is considered fraudulent when there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint

judgment." *Boyer v. Snap on Tools Corporation,* 913 F.2d 108, 111 (3d. Cir. 1990) *(quoting Abels v. State Farm & Cas. Co.,* 770 F.2d 26,29 (3d Cir. 1985)). "If there is a possibility that a state court would find that a  cause of action is stated against the non diverse defendant, the federal court must find that the joinder was proper  and remand the case to state court." *In re Briscoe,* 448 F.3d 201, 217-18 (3d Cir. 2006). To find that a defendant is fraudulently joined, claims levied against the defendant must be "wholly insubstantial and frivolous". *Batoff*, 977 F.2d at 852. Further, in the context of a fraudulent joinder inquiry, a district court must take care not to engage in "merits determination" as it is possible for a party to be non-fraudulently joined and still have a claim dismissed for failure to state a claim. *Id.*

## B. Analysis

In the matter at hand, Alexander Nissan has pled facts that could reasonably support a cognizable claim against Northwoods.  As previously stated, Alexander Nissan's confidential customer list was accessed and disclosed to Northwoods by Maritz's representative. Either acting alone or in concert with Martiz, Northwoods used this proprietary information to enroll and solicit Alexander Nissan's customers. Alexander Nissan naturally requested that Northwoods refrain from servicing or selling to Alexander Nissan's customers. This request was refused and Alexander Nissan alleges that Northwoods has gone on to provide service to Alexander Nissan's

customers based on the solicitation. Alexander Nissan alleges that the unauthorized possession and use of its confidential customer list has caused it significant harm and requests a judicial declaration to help end this controversy.

Accepting the allegations on their face, Alexander Nissan presents a colorable claim against Northwoods. This Court therefore concludes that joinder of Northwoods was not improper. The Court's determination of the principal issue of joinder renders moot the remaining issues raised and briefed.

**III. Conclusion**

For the forgoing reason, Alexander Nissan's motion is granted and this matter is remanded to the Court of Common Pleas of Lycoming County, Pennsylvania.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge